IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **CRIMINAL ACTION NO.** |
| v. | ) | **2:25cr111-MHT** |
| | ) | **(WO)** |
| **LOVORIS DEON JACKSON** | ) | |

**ORDER**

This cause is before the court on the unopposed motion to continue trial filed by defendant Lovoris Deon Jackson. For the reasons set forth below, the court finds that jury selection and trial, now set for August 11, 2025, should be continued pursuant to 18 U.S.C. § § 3161(h)(7)(A).

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any period of delay stemming from a continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting a continuance under subsection (h)(7)(A), the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation,

taking into account the exercise of due diligence," § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Jackson in a speedy trial. On July 10, 2025, Jackson's attorneys were allowed to withdraw from this case, and a new attorney was appointed to represent him. The trial is currently set for August 11, 2025, and the plea deadline is set on July 21, 2025. Jackson seeks a continuance to the next trial term to allow his new attorney sufficient time to meet with him, to review the discovery, and to determine how best to handle his defense. The court finds that additional time is necessary to ensure that new defense counsel has time to provide adequate representation to the defendant. Also, as noted earlier, the government does not oppose the motion.

***

Accordingly, it is ORDERED as follows:

(1) The unopposed motion to continue trial (Doc. 23) is granted.

(2) The jury selection and trial, now set for August 11, 2025, are continued to September 8, 2025, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson, Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

The United States Magistrate Judge shall reset the deadline for changes of plea and other pretrial deadlines if appropriate.

DONE, this the 15th day of July, 2025.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE