IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:25cr111-MHT |
| | ) | (WO) |
| LOVORIS DEON JACKSON | ) | |

ORDER

This cause is before the court on the unopposed motion to continue trial filed by defendant Lovoris Deon Jackson. For the reasons set forth below, the court finds that jury selection and trial, now set for September 8, 2025, should be continued pursuant to 18 U.S.C. §§ 3161(h)(7)(A).

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion," § 3161(h)(1)(D), and any period of delay stemming from a continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting a continuance under subsection (h)(7)(A), the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or

"would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Jackson in a speedy trial. On July 10, 2025, Jackson's attorneys were allowed to withdraw from this case, and a new attorney was appointed to represent him. Jackson's new attorney has filed a motion to suppress, and the motion is set for an evidentiary hearing before the United States Magistrate Judge on August 25, 2025. There is insufficient time between the hearing date and the current September 8 trial date for the resolution of the motion to suppress, considering the need for a report and recommendation from the magistrate judge, a period of time for objections, and additional time for

this court to consider the recommendation and any objections. Moreover, once the court has resolved the motion, the parties may need additional time to decide how to proceed in light of the resolution of the motion. In sum, the court finds that additional time is necessary to resolve the motion to suppress, to give Jackson sufficient time to consult with counsel after the motion has been resolved, and, if necessary after the resolution of the motion, to give counsel sufficient time to prepare for trial or to negotiate a plea. Also, as noted earlier, the government does not oppose the motion.

***

Accordingly, it is ORDERED as follows:

(1) The unopposed motion to continue trial (Doc. 41) is granted.

(2) The jury selection and trial, now set for September 8, 2025, are continued to October 27, 2025,

at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson, Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

The United States Magistrate Judge shall reset the deadline for change of plea and any other appropriate pretrial deadlines.

DONE, this the 21st day of August, 2025.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE